FILED

Maurice W. Brown
38372 Innovation Ct. Ste#103
Murrieta, Ca. 92563
Mauricewb1@mail.com
951-407-5553

2023 SEP 13  AM 9: 09

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY AP

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

Winston Maurice Brown

EDCV23 - 01869 - TJH (SPx)

Case No.

Plaintiff,

vs.

Lafayette Federal Credit Union & HFS
Financial plus DOES 1-100

Defendants.

**PLAINTIFF" S VERIFIED COMPLAINT
FOR:**
(1) BREACH OF FIDUCIARY DUTY
(2) FRAUD/MISREPRESENTATION
(3) BREACH OF CONTRACT
(4) INJUNCTIVE RELIEF
(5) UNJUST ENRICHMENT
(6) RACIAL DISCRIMINATION
(7) VIOLATION OF TRUTH IN LENDING ACT
(8) PREDATORY LENDING PRACTIES
(9) CONSPIRACY

DATE:
TIME:
DEPT.:

Plaintiff Maurice Winston Maurice Brown alleges:

## PARTIES

1.  Plaintiff Winston Maurice Brown is an individual residing in Riverside County of the

State of California.

2.  Defendant[s] [1] LAYATETTE FEDERAL CREDIT UNION & Defendant [2] HSF

FINANCIAL is a corporation that was initially incorporated in the District of Colombia and has

its main headquarters in Rockville, Maryland for Lafayette Federal Credit Union Headquarters

and Reisterstown, Maryland for HFS Financials' Head Quarters. Their agent for service of

process can be served in their legal department located at 2701 Tower Oaks Boulevard Rockville,

1

Maryland 20852 and 100 Ownings Ct. #13 Reisterstown, MD. 21136. They are licensed to do business in the State of Maryland.

3.   The transactions that are the subject of this case took place online using both Defendant [s] named defendantscontrolled customer portals Online Via the internet emails and the Defendant[s] websites.

4. The true names and capacities, whether individual, corporate, associate or otherwise of Defendant[s] named herein as Does 1 through Does 100 are unknown to Plaintiff who therefore sues these Defendants by their fictitious names. Plaintiff will ask leave to amend this complaint to show their true names and capacities when they have been ascertained. The allegation [s] of this complaint has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

5.   Plaintiff is informed and believes, and thereon alleges, that always herein mentioned, Defendant [s] were acting on their own behalf and as agents or employees of each of the other Defendant [s], and the acts described hereinafter were done in the course and scope of such agency or employment, as well as on their own behalf. Furthermore, Defendant [s] were authorized by Defendant [s] principles in the doing and the manner of the acts alleged and ratified said behavior. (Hereafter, unless otherwise specified, Defendant[s] including Does 1 through Does 100 will be referred to collectively as "Defendant [1] Lafayette Federal Credit Union and Defendant [2] HFS Financial.

6. This is not an action on a retail installment contract or on a retail installment account, subject to the provisions of section 1812.10 of the California Civil Code, nor on a motor vehicle contract or purchase order subject to the provisions of section 2984.4 of the California Civil Code. The allegations herein stated on information and belief have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or

1  during the discovery process.

2  **JURISDICTION AND VENUE**

3  7. This court has subject matter and jurisdiction over this action because the transactions

4  that are the subject of this lawsuit took place Online with the Plaintiff residing in the state of

5  California and the Defendant [s] [1] & [2] doing business in the state of Maryland. Defendant [s]

6  have a branch that conducts such transactions located: Lafayette Federal Credit Union 2701

7  Tower Oaks Boulevard Rockville, MD 20852, and HFS Financial 100 Owings Ct #13,

8  Reisterstown, MD 21136, which is in the District of Columbia, in the state of Washington.

9  Defendant [s] herein purposefully directed their activities to the State of California. As a result,

10  Defendant [s] caused an event or events to occur in California, and more particularly in the

11  County of Riverside.

12  8. Venue is proper for this Court because the events out of which this action arises,

13  and which from are the basis for this action via arising Online with The Defendants Residing

14  in the State of Washington DC and the Plaintiff Residing in the County of Riverside California.

15  9. Plaintiff brings his complaint under federal diversity jurisdiction, 28 U.S.C. 1332,

16  as the parties are completely diverse in citizenship and the amount in controversy exceeds

17  $75,000.

18  **STATEMENT OF FACTS**

19  10.   On or about April 30th of 2022, the plaintiff was referred to the Defendant [2] HFS

20  Financial via a contractor (So Cal ADU Pro's) whom at the time was providing a quote for work

21  the Plaintiff needed done on the property him and his wife own and reside in as primary

22  residence.

23  11.   The premise of the loan was that an individual could apply for a significant amount

24  of money without collateral and only using the individual's income statement. There were no

28

restrictions, the funds could be used as the borrower saw fit to use them. A personal loan unsecured.

12. On or about May 1st, 2022, the plaintiff applied for a consolidated loan for $300,000.00 with Defendant [2] HSF Financial via their customer website portal with the plaintiff only providing credit information, work Income verification and proof of residency. Plaintiff applied as an individual with no co-borrower and collateral was not required or requested.

13. On May 24th, 2022, The Defendant [2] HSF Financials' Senior Loan Consultant Mr. Alan Breeker, Violated the Plaintiffs right to privacy by emailing information to So Cal ADU Pro regarding the approval of the Plaintiffs Loan and the Loan amount. Plaintiff himself wasn't aware of the approval until much later. Furthermore, The Defendant [2] HSF Financials' Senior Loan Consultant Mr. Alan Breeker, gave authorization to So Cal ADU Pro's to begin construction without the Plaintiffs knowledge or permission. Which resulted in the Contractor So Cal ADU Pro's black mailing the Plaintiff with the threat of a lawsuit for breach of contract if they were not compensated 32,000.00 to stop construction. Under duress circumstances the Plaintiff agreed and paid the contractor so that he wouldn't have to face litigation or have a mechanic's lien placed on his residence.

13. On or about 05/24/2022 Plaintiff was approved for the personal unsecured Loan, and this is where the Plaintiff discovered that Defendant {2} HFS Financial was a broker and not the primary lender as they led the plaintiff to believe. Defendant [1] Lafayette Federal Credit Union approved the plaintiff for 320,000.00 without any additional request by the plaintiff for the additional $20,000.00.

14. Defendant [1] Lafayette Federal Credit Union disguised the addition $20,000.00 as well as the Brokers fee for Defendant [2] HFS Financial of $9,000.00. A fee that was never disclosed to the plaintiff by either Defendant [1] or [2]. The total amount of the loan approval plus the unauthorized additional $29,000.00 in hidden fees in total were $329,000.00. Where they'd been broken down into five separate disbursements as they were initially described. There were four [4] documents having the same amounts of $72,100.00, and one [1] for a lesser amount

of $41,200.00 in all totaling $329,000.00. The reference numbers of each document were the same, and the interest rate of 10.49% was also referenced on each document. Plaintiff was never provided with a full amount disclosure nor a Truth in Lending Disclosure.

15.   On or about 05/24/2022. The Plaintiff questioned why the loan was not consolidated, and if there were five separate payouts for the single request did the 10.49% interest rate apply to the entire loan or each individual disbursement? Plaintiff was unable to print the file or place wet signature nor the document. Plaintiff was also unable to e-sign the documents due to the reason the file came over as a read only. Defendant [1] sent over a corrupt file intentionally.

16. On 5/24/2022 The Plaintiff reviewed the documents as they came over, as well as read through all the terms and conditions that were sent over. There were still no indications that this would be five (5) individual loans paid out at one time with 5 separate interest rates of 10.49% at one time bringing the combine interest rate to 52.45%. The Plaintiff in good faith gave permission to Defendant {2} HSF Financials' Senior Loan Consultant Mr. Alan Breeker, permission to e-sign on behalf of the Plaintiff since Plaintiff was only able to read the documents due to the corrupt file.

17. On May 25, 2022, Defendant [1] Lafayette Federal Credit Union Paid out five (5) separate deposits into the Plaintiffs then Navy Federal Account. Plaintiff had not received his signed documents by this time and inquired with both Defendant [s] [1] & [2] regarding his copies of the agreement.

18.   On 5/26/2022 The Plaintiff was provided copies of the agreement. However, each disbursement had its own account number or loan number and interest rate of 10.49%. Plaintiff emailed Joanna Murray a Processor for Defendant [2] and asked if he would be expected to pay 10.49% interest on each disbursement which now appeared to be five (5) individual loans. Joanna Murray never responded to the email. Plaintiff later made voice contact with Defendant [2] HSF Financial Mr. Alan Breeker, and his statements were "That's how Lafayette Federal Credit Union disburses these large loan types due to payout limits, but it is all one loan and one interest rate of 10.49%". Plaintiff made several attempts to contact Defendant [1] Lafayette

Federal Credit Union but was unsuccessful and never received a call back.

Furthermore, the terms and conditions as well as the document in its entirety had been changed and completely re-written from when they were first viewed and approved by Plaintiff. It now spoke about collateral and referencing plaintiffs' property to which plaintiffs' property were never in question regarding this loan. None of the languages was the same as when Plaintiff initially read before granting permission for e-signature.

19. On June 14th, 2022, Plaintiff reached out to Defendant [2] HSF Financials' Senior Loan Consultant Mr. Alan Breeker, and Joanna Murray, Processor via email and asked "Can you please provide me the documentation or email where I was notified of why this loan had to be split as it was with 10.49% on each loan. I don't remember that conversation nor can I find any information where you explained this to me beforehand. Furthermore, Lafayette Federal Credit Union said I can unwind the Deal, but your portion would need to be given back. Are you willing to return those funds to them?". There was never a response back.

20. On June 16th, 2022, The Plaintiff finally made voice contact with Defendant [1] Lafayette Federal Credit Union Kat (Jittiporn) Ruthiranok Title: CFP Assistant Processing Manager. Plaintiff explained to Kat (Jittiporn) Ruthiranok that the way they had the loan structured I would be required to pay back double the amount, and that I only agreed to 10.49% interest rate on a single loan of 300,000.00 which ended up being 329,600.00. The Plaintiff informed Kat (Jittiporn) Ruthiranok that 10.49% interest on a loan of 329,660.00 is $34,512.10 and not $459,627.13 that would be the rate of 52.45%. Kat (Jittiporn) Ruthiranok proceeded to coerce the Plaintiff into believing in a lopsided sense of math.

("$72,100.00 loan total payment for one loan if you pay the full term of 240 months $172,766.09. 4 Loans would be $691,064.00.

$41,200.00 Loan Total payment for one loan if you pay the full term of 240 months & $98,721.16.

$691,064.00 + 98,721.16 = $789,785.16 total pay back.")

Plaintiff asked why Defendant [1] broke up the single amount into 5 sperate amounts with an

interest rate of 10.49% on each.  Kat (Jittiporn) Ruthiranok told the Plaintiff that there were certain loan limits and had to be broken up into 5 separate loans. However, there was never a disclosure provided either before or after the funds were disbursed and an explanation was never provided up and until the plaintiff questioned it.

21. On June 16th ,2022 Defendant [1] Lafayette Federal Credit Union Kat (Jittiporn) Ruthiranok, CFP Assistant Processing Manager communicated with plaintiff and stated, "Tyler will be sending you a payoff letter along with the writing stating that HFS will refund the fee back and you will not owe LFCU or HFS after the loans are paid in full."

22. On June 16th,2002, Defendant [1] Lafayette Federal Credit Union 'Tyler Booth, CFP Consumer Loan Processor contacted the plaintiff and stated "Mr. Brown I apologize for the delayed email. Since there was a previous conversation between you and Adam. If you decide you would like to return the money you would need to speak to HFS. They would then reach out to us, and we can provide you with instructions on how to return the funds".

The Plaintiff responded "Good morning,

Thank you for your timely response. I do appreciate your company's willingness to unwind this deal, but it is a hindrance to me. I did not pay HFS Financial any fees so therefore I cannot request HSF Financial to be returned those funds. Lafayette Federal Credit Union and HFS Financial created their own separate terms and conditions during my loan process, knowing full well it was predatory and fraudulent.  I was not privileged to receive this information before my loan had been processed. It was hidden from me that my loan was based on a fee to be paid to HFS Financial by Lafayette federal Credit Union, it is clear now that my best interest was not at hand during this process because it was fueled by back-end money deal.

If Lafayette Federal Credit Union is truly genuine in its claims to accept this money back, you will participate in the process by contacting HFS Financial and request that they return the funds you paid them to help make this unwinding happen. I would ask that this be done before my first required payment date of 06/25/2022. I fear that if this is dragged out beyond that date, I will be required to make the first payment which has the potential of locking me into this loan. A loan

that I no longer want because of the terms and how it was all processed, which has the potential of creating financial ruin based on its predatory structure.

For the record, I don't know who Adam is and I've never had any conversations with this person. You have been my only contact person... Yourself and Rachel who answered the phone.

Your timely response is greatly appreciated, and I look forward to hearing back from you shortly. Thank you"

23. June 23rd, 2022, Defendant [1] Lafayette Federal Credit Union 'Tyler Booth, CFP Consumer Loan Processor, contacted plaintiff with instructions to return the funds via email with no documents attached. The Plaintiff Stated:

"Good morning, the letter of release is not attached as agreed upon by me & Ms. Kat (Jittiporn) Ruthiranok. This states that I am not liable for anything other than the borrowed amount minus fees. Also, that HFS Financial nor Lafayette Federal Credit Union will not take any adverse actions against me, and that the debt will be fully satisfied. Thank you "

Defendant [1] Lafayette Federal Credit Union Tyler Booth never responded, and the plaintiff made the first payment on 6/25/2022 and every payment after that to this date while exhausting all remedies for relief.

## **FIRST CAUSE OF ACTION**

### **(Breach of Fiduciary Duty Against All Defendants)**

24.    Plaintiff hereby incorporates by reference paragraphs 1-23 herein.

25.    Plaintiff, Winston Maurice Brown, brings this cause of action against Defendant[s] [1] Lafayette Federal Credit Union and [2] HFS Financial (collectively referred to as "Defendant[s]").

**PARTIES**

26. Plaintiff Winston Maurice Brown is an individual residing in the State of California and is borrower (hereinafter referred to as "The Entity").

27. Defendant [1] Lafayette Federal Credit Union in an Corporation and is the financial

institution which funded the loans in question within this cause of action, and owes a fiduciary duty to the Entity.

28.Defendant [2] HFS Financial is the third-party broker to the cause of action, and owe a fiduciary duty to Plaintiff as the third-party broker facilitating the transaction.

29.     Defendant [s] [1] & [2] breached their duty to Plaintiffs by being in a position of trust and failed to act in their client's best interest.

30.     The acts and omissions constituting breach of Defendant[s] fiduciary duties were committed with oppression, fraud, and/or malice within the meaning of CA Civ. Code §3294. As a result, Plaintiffs, in addition to actual damages, may recover exemplary damages for the sake of example and by way of punishing the Defendant[s].

31.  Defendant [s] breach of fiduciary duty was intentional, willful, and meant to bring financial hardship on the plaintiff only because of his skin color and ethnic background. Defendant[s] have never charged any other race 52.45% interest rate, and willfully violated the truth in lending act by failing to properly disclose.

32. Plaintiff has suffered direct and indirect harm as a proximate of PRAYER FOR RELIEF WHEREFORE, Plaintiff prays for judgment against the defendant [s] jointly and severed.

    A. Compensatory damages in an amount to be determined at trial including court costs.
    B. Punitive damages to deter Defendant[s] and other from similar act of misconduct.
    C. Restitution and disgorgement of any ill-gotten gains obtained by the Defendant[s]
    D. Prejudgment interest of 10.49%.
    E. Such other and further relief as the court may deem just and proper.

### SECOND CAUSE OF ACTION

### (Fraud/Misrepresentation Against All Defendants)

33.     Plaintiff hereby incorporates by reference paragraphs 1-32 herein.

34.     Plaintiff, Winston Maurice Brown, Alleges the following cause of action against

Defendant[s] [1] Lafayette Federal Credit Union and [2] HFS Financial (collectively referred to as "Defendant[s]").

**PARTIES**

35. Plaintiff, Winston Maurice Brown in an individual residing in the State of California City of Murrieta and is the moving party in this action.

36. Defendant [1] Lafayette Federal Credit Union is a corporation in the City of Rockville in the State of Maryland. Defendant [1] is the funding financial institution which funded the loans in question within this cause of action.

37. Defendant [2] HFS Financial Union is an individual in the City of Reisterstown in the State of Maryland. The third-party broker to the cause of action.

**MISREPRSENTATION AND FRAUD**

38. Defendant [s] individually and collectively, made false misrepresentations of all aspects of the loan. The Defendant[s] never provided truth in lending disclosure. regulation Z, requires lenders to disclose information about all charges and fees associated with a loan. This 1968 federal law was created to promote honesty and clarity by requiring lenders to disclose. terms and costs of consumer credit.

39.     The acts and omissions constituting fraud were committed with oppression, fraud, and/or malice within the meaning of CA Civ. Code §3294. As a result, Plaintiff, in addition to actual damages, may recover exemplary damages for the sake of example and by way of punishing the Defendants. A plaintiff may be awarded punitive damages if there is clear and convincing evidence that the defendant in their case is guilty of: Oppression. Fraud, or. Malice.

40. Defendant [s] false representations include: Claiming that the loan was consolidated and plaintiff was only being charged a single rate of 10.49%.  Furthermore, claiming that the five loans (5) were disbursements and not loans and that it was policy that they had to distribute as such. Also claiming that the five (5) sperate loans each at the rate of 10.49% would be the same

payback amount as one consolidated loan would at the same rate.

41. Defendant[s] knew, or should have known, that their representations were false and Deceptive and the parameters of the loan were predatory.

42. Plaintiff, justifiably relying on defendant [s] false representations suffered a hardship financially due to the high monthly repayment cost, and the false information placed on the plaintiffs credit profile. The way the Defendant[s] conspired and constructed this loan it resembles more of a slave contract than a well-structured personal loan. No reasonable individual would have taken such a loan with a 52.45% interest rate paying back double of what the borrower borrowed. The term for that is loan sharking, which is also a Federal Crime, Sections 891 to 896 of Title 18, United States Code, are designed principally to bring the resources of Federal law enforcement to bear on the loansharking activity of criminal organizations. Prior authorization by the Criminal Division is not required for prosecutions pursuant to Sections 891-896.

Criminal usury is the issuing of loans at illegal interest rates, usually by organized crime, to persons unable to obtain a loan.

43. Defendant[s] actions constitute fraudulent misrepresentation, deceit and racial Discrimination.

44.    Plaintiff has no adequate remedy at law, and absent judicial intervention there is no other relief of the slavery bondage of this fraudulent loan agreement.

**PRAYER FOR RELIEF**

**WHEREFOR**E, Plaintiff respectfully request that this Honorable Court a judgment in favor of the Plaintiff against Defendant[s], jointly and severally, for the following relief.

PLAINTIFF'S VERIFIED COMPLAINT

A. Actual damages, including consequential and incidental damages.
B. Punitive damages, to deter Defendant[s] and others from similar misconduct.
C. Rescission of any contract entered into as a result of the misrepresentation.
D. Restitution and disgorgement of ill-gotten gains obtained by Defendant [s].
E. Court Fee's, and prejudgment interest.
F. Such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

45.     Plaintiff hereby incorporates by reference paragraphs 1-44 herein.

46.     Plaintiff, Winston Maurice Brown, alleges the following cause of action against Defendant[s] [1] Lafayette Federal Credit Union and [2] HFS Financial (collectively referred to as "Defendant[s]"). On 5/25/2022 entered a written contract with Defendant[s] [1] & [2] in good faith and trusting in the process.

**PARTIES**

47. Plaintiff, Winston Maurice Brown in an individual residing in the State of California City of Murrieta and is the moving party in this action.

48. Defendant [1] Lafayette Federal Credit Union is a corporation in the City of Rockville in the State of Maryland. Defendant [1] is an the funding financial institution which funded the loans in question within this cause of action.

49. Defendant [2] HFS Financial Union is an individual in the City of Reisterstown in the State of Maryland. The third-party broker to the cause of action.

**BREACH OF CONTRACT**

50. Defendants have breached their duty under the contract by omissions and fraudulent business practices. Defendant [s] were never transparent in their dealings and truthfulness of the transaction to the plaintiff. Defendant[s] intentionally hidden fees and interest rates as required under the Truth in Lending act. improper disclosure of the amount financed, finance charge, payment schedule, total of payments, annual percentage rate, and security interest

disclosures. Under TILA, a creditor can be strictly liable for any violations, meaning that the creditor's intent is not relevant.

The Defendants breached contract by violating the plaintiff's constitutional rights to fair treatment, and equal protection under the fourth amendment and Racial Discrimination.

The fourth Amendment provides the right to equal protection under the United Staes Constitution.

The Defendant[s] Breached the contract and violated the Plaintiffs Fourth Amendment right as the proximate result of Defendant[s] actions the Plaintiff has suffered sufficient harm financially and emotionally.

**PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of the plaintiff and against the Defendant[s], jointly and severally, for the following relief.

A. Compensatory damages in an amount to be determined at trial including Court cost.
B. Specific performance or injunctive relief, if applicable.
C. Prejudgment interest 10.49%.
D. Such other and further relief as the court may deem just and proper.

## FOURTH CAUSE OF ACTION

### (Injunctive Relief Against All Defendants)

51. Plaintiff hereby incorporate by reference paragraphs 1-50 herein.

52. Plaintiff, Winston Maurice Brown, alleges the following cause for injunctive relief against Defendant[s] [1] Lafayette Federal Credit Union and [2] HFS Financial (collectively referred to as "Defendant[s]).

**PARTIES**

53. Plaintiff, Winston Maurice Brown in an individual residing in the State of California City of Murrieta and is the moving party in this action.

54. Defendant [1] Lafayette Federal Credit Union is an individual in the City of Rockville

in the State of Maryland. Defendant [1] is the funding financial institution which funded the loans in question within this cause of action.

55. Defendant [2] HFS Financial Union is an individual in the City of Reisterstown in the State of Maryland. The third-party broker to the cause of action.

**IRREPRIABLE HARM**

56. Plaintiff alleges that the Defendant[s} actions has caused and continues to cause Irreparable harm to Plaintiff as well as, financial and emotional hardship.

57. The Harm suffered by the Plaintiff cannot be adequately compensated by monetary damages alone.

58. Plaintiff has no adequate remedy at law to redress the harm complained of, and the Injunctive relief is necessary to prevent further harm.

59. Plaintiff will suffer irreparable injury, loss, and damage.

60. Any claimed harm by Defendant[s} is substantially outweighed by the irreparable harm to Plaintiffs if the relief requested herein is not granted.

61. The granting of the relief requested herein is in the public interest, as the consuming public, including Plaintiffs, will continue to be harmed by the illegal and unlawful conduct of the Defendant[s] if the relief requested herein is not granted.

**INJUNCTIVE RELIEF**

62.Plaintiff has a clear legal right to seek temporary and permanent injunctive relief.

63. Plaintiff seeks a preliminary and permanent injunction to restrain Defendant[s} from causing further harm to the Plaintiff.

64. The requested injunction is necessary to preserve the status quo, protect Plaintiffs rights, and prevent further harm.

65.  Plaintiff is likely to succeed on the merits of their underlying claim, as evidence by

14

1   the Defendant [1] Lafayette Credit Unions own admission it was charging the Plaintiff

2   $459,627.13 total interest on a $329,000.00 an interest rate of 52.45%.

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

7   66. Granting the Injunction will serve the interest of justice and prevent unjust enrichment

8   or further harm to the Plaintiff.

**PRAYER OF RELIEF**

**WHEREFORE,** Plaintiff respectfully request that this Honorable Court

enter judgment in favor of the Plaintiff and against Defendant[s], Jointly and severally, for the

following injunctive relief.

A.  A preliminary injunction enjoining Defendant[s] from collecting any proceeds as the

result of the Five (5) loans: as they are the one of the mitigating circumstances of this action and

would prevent unjust enrichment.

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

B.  A permanent injunction enjoining Defendant[s] from collecting any proceeds as the

result of the Five (5) loans: as they are the one of the mitigating circumstances of this action and

would prevent unjust enrichment.

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

C.  cease and desist reporting any information related to Plaintiff's credit history to any
credit reporting agencies under jurisdiction, including but not limited to: Equifax,
Experian, Trans Union, Lexus Nexus and all other industry related agencies, pursuant to
my rights under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

D.  Cease and desist on pursuing any collections avenues contacting Plaintiff threatening or
harassing regarding the account's in question within this civil proceeding

E.  Such Other and further relief as the court deem just and proper.

### FIFTH CAUSE OF ACTION

**(Unjust Enrichment Against All Defendants)**

67.  Plaintiff hereby incorporates by reference paragraphs 1-66 herein.

68.  Defendants would have unjust enrichment if they were allowed to keep this predatory
loan intact. The structure and the entire premise of this loan is predatory and Racially
Discriminatory in nature. Defendant[s] [1] & [2] has never subjected another race class to
disparate treatment of imposing a 52.45% interest rate totaling $459,627.13 in interest payments
over the life of the loan, 2yrs or 240 payments. Where the borrower is paying back double the
original loan amount of $329,000.00.

69. Defendant[s] have unjustly enriched themselves at the Plaintiffs expense by
structuring what was to be a consolidated loan with one interest rate of 10.49% into five (5)
individual loans paid out on the same day 5/25/2022 with all Five (5) loans having the same
interest.
rate of 10.49% in total 52.45%. This was intentional and the Defendant[s] have never produced
any credible evidence to support their claims that loans of that size had to be structed the way
they were by law or policy.

70. Plaintiff has suffered corresponding detriment or loss due to the Defendant[s] unjust
enrichment.

71. Defendant[s] unjust enrichment is in violation of principles of fairness, equity and good conscience.

72. Plaintiff did not confer the benefits on the Defendant[s] as a gift, and did not intend to allow the Defendant[s] to be unjustly enriched.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully request that this Honorable

Court enters judgement in favor of Plaintiff and against Defendant[s], jointly and severally, for

the following relief.

A.  Restitution of the value of benefits wrongfully obtained by the Defendant[s].
B.  Compensatory damages in an amount equal to the unjust enrichment.
C.  Prejudgment interest rate 10.49%.
D.  Such other and further relief as the Court may deem just and proper.

## SIXTH CAUSE OF ACTION

### (Racial Discrimination Against All Defendants)

73.  Plaintiff hereby incorporates by reference paragraphs 1-72 herein.

74. Plaintiff, Winston Maurice Brown, alleges the following cause of action for

Racial Discrimination against Defendant [1] Lafayette Federal Credit Union & Defendant [2]

HFS Financial (collectively referred to as "Defendants")

**PARTIES**

75.  Plaintiff Winston Maurice Brown is an individual residing in the State of California

and is a member of a protected racial group.

76.  Defendant [1] Lafyette Federal Credit Union in an individual is the financial

institution which funded the loans in question within this cause of action.

77. Defendant [2] HFS Financial is the third-party broker to the cause of action.

**RACIAL DISCRIMINATION**

78. Defendant[s] engaged in discriminatory conduct against Plaintiff based on Plaintiffs

race, which is a protected characteristic under Title VII of the Civil Rights Act (Title VII) of

1964.

79. The discriminatory conduct included, disparate treatment, predatory lending Practices, deception and misrepresentation, loan sharking violation of the truth in lending act, Violation of the EEOC Eual Opportunities Act, Violation of the Fair Debt Collection Practices Act (As amended by Public Law 111-203, title X, 124 Stat. 2092 (2010), and fraud.

80. Defendant[s] discriminatory conduct occurred via the internet with both Defendant[s] doing business in the State of Washington and the Plaintiff's residing in California. Action took place on or about May 25th, 2022.

81. Plaintiff suffered harm, emotional distress, and damages as a direct and proximate result of Defendant[s] Racial Discrimination.

82. Defendant[s] actions created a hostile and intimidating environment for Plaintiff, affecting their well-being and livelihood.

83. Plaintiff followed all appropriate internal and external procedures for reporting and addressing discriminatory behavior, and disparate treatment.

**PRAYER FOR RELIEF**

**WHEREFOR**E, Plaintiff respectfully requests that this Honorable Court enter judgment in favor or the Plaintiff and against Defendant[s] jointly and severally, for the following relief.

A. Compensatory damages for emotional distress, harm, and other losses suffered by the Plaintiff.

B. Punitive damages to deter Defendant[s] and other from engaging in similar discriminatory conduct.

C. Injunctive relief, including a court order to cease the discriminatory behavior and implement policies to prevent future discrimination against potential borrowers.

D. Injunctive relief, for the Defendant[s] to cease receiving monetary gains for a discriminatory loan structure that was designed intentional because of the Plaintiff Race and ethnic background.

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

E.  Prejudgment interest at the rate 10.49%.
F.  Such other and further relief as the Court may deem just and proper.

## SEVENTH CASUE OF ACTION

### (Violation of the Truth in Lending Act)

84. Plaintiff hereby incorporates by reference paragraphs 1-83 herein.

85. Plaintiff, Winston Maurice Brown, alleges the following cause of action for Violation of the Truth in Lending Act against Plaintiff Defendant [1] Lafayette Federal Credit Union and [2] HFS Financial. (Collectively referred to as "Defendant[s]")

**PARTIES**

86. Plaintiff, Winston Maurice Brown is an individual residing in the City of Murrieta Ca. And is a consumer as defined under the truth in Lending Act, 15 U.S.C §1602(h).

87. Defendant [1] Lafayette Federal Credit Union is a corporation doing business in the City of Rockville State of Maryland. Their primary role in this matter is they are the financing institution for the below listed loan[s], and orchestrator of the structure.

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

88. Defendant [2] HFS Financial is a corporation doing business in the City of Reisterstown State of Maryland. Their primary role in this matter is they are the third party brokers.

**VIOLATION OF THE TRUTH IN LENDING ACT**

89. Defendant [1] Lafayette Federal Credit Union extended credit to the Plaintiff in the form of a unsecured personal loan in the amount of $329,000.00.

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

90. Defendant [s] [1] Lafayette Federal Credit Union and [2] HFS Financial failed to provide the Plaintiff with an accurate and complete disclosure required by the Truth in Lending Act, 15 U.S.C § § 1601 et seq., including but not limited to improper disclosure of the amount financed, finance charge, payment schedule, total of payments, annual percentage rate, and security interest disclosures. Under TILA, a creditor can be strictly liable for any violations, meaning that the creditor's intent is not relevant.

91. Defendant [s] failure to provide accurate and complete disclosures constitutes a violation of the Truth in Lending Act.

92. As a result of Defendant[s] violations, Plaintiff has suffered harm, damages, and incurred financial losses.

93. Plaintiff has complied with the applicable notice requirements and procedures under the Truth in Lending Act.

**PRAYER FOR RELEIF**

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant[s] jointly and severally, for the following relief;

1    A. Actual damages suffered by Plaintiff as a result of Defendant{s} violation of the Truth in
2  Lending Act.
    B. Statutory damages as provided under 15 U.S.C § 1604(a).
3    C. Prejudgment interest at the rate of 10.49%
    D. Injunctive Relief to prevent further violation of the Truth in Lending Act.
4    E. Such other and further relief as the Court may deem just and proper.

5  **PRAYER FOR RELIEF**

6  **WHEREFORE**, Plaintiff respectfully requests that this honorable Court;

7    94. That the Court immediately take jurisdiction of this matter and enter an Order granting
8
9  temporary and permanent injunctive relief expressly requiring Defendant{s} to cease
10
   reviving any monetary gains related to this matter.
11
     95. Refrain from any reporting to the Credit bureaus anything related to the below listed
12
   loans until this matter can be adjudicated.
13

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

17    96. Enter judgement in favor of the Plaintiff and against the Defendant{s}, jointly and
18  severally.

19    97. Award Plaintiff compensatory damages in an amount to be determined at trial, including
20
   consequential and incidental damage.
21
     98. Award Plaintiff punitive damages in the amount to be proven at trial for Defendant{s}
22
   willful and deliberate fraud, and to deter Defendant{s} and others from engaging in similar
23
   misconduct.
24
     99. Order Defendant[s] to perform specific actions, such as restitution, rescission, or specific
25
   Performance.
26
     100. Award Plaintiff, costs and prejudgment interest as allowed by laws.
27

28

101. Grant injunctive relief, if necessary, to prevent further harm or violations.

102. Enter any other equitable relief that the Court deems just and proper under the circumstances.

103. Grant Plaintiff such other and further relief as the Court may find appropriate and just.

### EIGHTH CAUSE OF ACTION

### (Predatory Lending Practices)

104. Plaintiff, Winston Maurice Brown, alleges the following cause of action for predatory lending against Defendant[s] [1] Lafayette Federal Credit Union and [2] HFS Financial (Collectively referred to as the Defendant[s]).

**PARTIES**

105. Plaintiff, Winston Maurice Brown is an individual residing in the City of Murrieta Ca. and is a consumer as defined under the truth in Lending Act, 15 U.S.C §1602(h).

106. Defendant [1] Lafayette Federal Credit Union is a corporation doing business in the City of Rockville State of Maryland. Their primary role in this matter is they are the financing institution for the below listed loan[s], and orchestrator of the structure.

107. Defendant [2] HFS Financial is a company acting in the capacity of a third party broker the third-party broker to the cause of action.

**PREDATORY LENDING PRACTICES**

108. Plaintiff hereby incorporates by reference paragraphs 1-105 herein.

109. Defendant[s] engaged in predatory lending practices by failing to disclose, omissions and imposing illegal interests' rates and fees on person of a protected class, misrepresentation and fraud.

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

110. Defendant[s] predatory lending practices were designed to take advantage of the Plaintiff's vulnerability and lack of understanding, resulting in an unfair and exploitive transaction.

111. Defendant[s] actions were unconscionable and abusive, and their predatory violated consumer protection laws, including 15 U.S.C § 45 (a)(2).

112. As a direct result of Defendant[s] predatory lending practices, Plaintiff has suffered financial harm, emotional distress, and damages.

113. Plaintiff had no reasonable alternative to the predatory loan transaction due to Defendant[s] deceptive practices and misrepresentations.

**PRAYER FOR RELIEF**

**WHEREFOR,** Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant[s] jointly and severally, for the following relief;

A. Recission of the predatory loan transaction.

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

B. Restitution of all amounts paid by and under the predatory lending.

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

C.  Compensatory damages for financial harm, emotional distress, and other losses

suffered by Plaintiff.

114. Punitive damages to deter Defendants and others from engaging in similar predatory

Lending practices.

115. Prejudgment interest at the rate of 10.49%

116. Injunctive relief as the Court may deem just and proper

### NINTH CAUSE OF ACTION

**(Conspiracy)**

117. Plaintiff hereby incorporates by reference paragraphs 1-116 herein.

Plaintiff, Winston Maurice Brown, alleges the following cause of action for

predatory lending against Defendant[s] [1] Lafayette Federal Credit Union and [2] HFS Financial

(Collectively referred to as the Defendant[s]).

**PARTIES**

118. Plaintiff, Winston Maurice Brown in an individual residing in the State of California

City of Murrieta and is the moving party in this action.

119. Defendant [1] Lafyette Federal Credit Union is a corporation in the City of Rockville

in the State of Maryland. Defendant [1] is the funding financial institution which funded the loans

in question within this cause of action.

120. Defendant [2] HFS Financial Union is an individual in the City of Reisterstown

in the State of Maryland. The third-party broker to the cause of action.

121. So Cal ADU Pro's a contractor from the State pf California specializing in the

construction of ADU's (Additional Dwelling Units).

**CONSPIRACY**

121. Defendant[s], acting in concert and with a common purpose, conspired together to

commit wrongful acts against Plaintiff.

The conspiracy was formed with the specific intent to achieve an unlawful objective or to accomplish a lawful objective by way of an unlawful act[s] and means.

The wrongful acts contemplated by the conspiracy included all three above entitled parties hosting a private conversation regarding ways to keep the Plaintiff from backing out of what was known to be a Predatory Loan.

On May 25th, 2022, The Defendant[s] Mr. Allen Breeker of HFS Financial and Tyler Booth of Lafayette Federal Credit Union. Contact Mr. Sigmund Valintine of So Cal ADU Pro's and instructed him to begin construction asap and to not contact the borrower because his loan was still being structured for disbursement.

The Defendant[s] instructed So Cal ADU Pro's to charge a 10% work stoppage fee if the borrower requested the cease of construction. So Cal ADU Pro's was instructed to keep that share as their payment 32,000.00 as compensation for his role in the in the conspiracy.

The Goal was to make it difficult for the Plaintiff to return the money and with the 32,000.00 paid to SO Cal ADU Pro's would make the return short. This way Lafayette Federal Credit Union would have lawful grounds to deny cancelling the agreement thus forcing the borrower to remain tied and responsible for the for the Predatory loan[s].

     122. Defendant[s] knowingly and willfully participated in the conspiracy, and their actions were a substantial factor in causing harm to the Plaintiff.

As a direct result and proximate result of Defendant[s] conspiracy, Plaintiff suffered harm, damages, and injuries, including being trapped in a Predatory Loan[s], loss of businesses due to the inability to borrow based on how these five (5) loans looked on the Plaintiff[s] credit report. Mental and emotional damages due to the financial stress of these action and hardship of having to pay back double of what was actually borrowed.

123. Plaintiff has complied with any applicable notice and procedures related to conspiracy claims.

**PRAYER FOR RELIEF**

**WHEREFOR,** Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant[s] jointly and severally, for the following relief;

A. Compensatory damages for harm, losses, and injuries suffered by Plaintiff as a result of Defendant[s] Conspiracy.

B. Punitive damages to deter to Defendant[s] and others from engaging in similar wrongful conduct.

C. Prejudgment intreat in the amount of 10.49%
D. Injunctive relief, to prevent further unlawful acts by the Defendant[s]
E. Such other and further relief as the Court may deem just and proper.

Dated: 09/13/2023

Respectfully Submitted:

Winston Maurice Brown, Plaintiff – In Pro Se

1

**VERIFICATION**

2   I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the
contents thereof. The same is true of my own knowledge, except as to those matters, which are

3   therein stated on information and belief, and as to those matters, I believe it to be true.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is

4   true and correct.

5   Respectfully Submitted:

6   Dated:09/13/2023

7

8                                                    _____
                                                     Winston Maurice Brown, Plaintiff In Pro Se
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby requests a jury trial on all issues raised in this Amended complaint.

3

4     Dated: 09/13/2023

5                                    Winston Maurice Brown, Plaintiff In Pro Se

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28