FILED
2024 JAN 12 AM 10:28
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY: ___

1  Winston Maurice Brown
2  24102 Madeira Ln
   Murrieta, Cal. 92562
3  951-407-5553
   mauricewb1@yahoo.com
4
   In Pro Se
5

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| WINSTON MAURICE BROWN<br><br>Plaintiff,<br><br>vs.<br><br>Lafayette Federal Credit Union et al<br>Defendant | Case No: 5:23-cv-01869-TJH-SPx<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGEMENT**<br><br>Date: 02/12/2024<br>Time: 8:30am<br>Dept.: |

**TO THE HONORABLE COURT AND ALL PARTIES:**

Please Take Notice that on February 2/12/2024 at 8:30am or soon thereafter as this matter may be heard in the above-entitled Court located at 3470 Twelfth Street Room, 134, Riverside 92501

### MOTION FOR DEFAULT JUDGEMENT

Comes now the Plaintiff and request the Court pursuant to Rule 55(b)(1) of the Federal Rule of Civil Procedure, for the entry of the judgment by default. In support of this request, The Plaintiff relies upon the records in this case and the affidavit submitted herein. Rule 55(b)(1) of the Federal Rule of Civil Procedure, Affidavit in support of Default Judgement and points and authorities attached herein.

the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion on 02/12/2024.

Respectfully Submitted:

Dated: 01/11/2024
/s/ Winston Maurice Brown
Winston Maurice In Pro Se

1

# STATEMENT OF FACTS

On or about April 30th of 2022, the plaintiff was referred to Defendant [2] HFS Financial via a contractor (So Cal ADU Pro's) who at the time was providing a quote for work the Plaintiff needed done on the property him and his wife own and reside in as primary residence.

1. The premise of the loan was that an individual could apply for a significant amount of money without collateral and only using the individual's income statement. There were no restrictions, the funds could be used as the borrower saw fit to use them. A personal loan unsecured.

2. On or about May 1st, 2022, the plaintiff applied for a consolidated loan for $300,000.00 with Defendant [2] HSF Financial via their customer website portal with the plaintiff only providing credit information, work Income verification and proof of residency. Plaintiff applied as an individual with no co-borrower and collateral was not required or requested.

3. On May 24th, 2022, The Defendant [2] HSF Financials' Senior Loan Consultant Mr. Alan Breeker, Violated the Plaintiffs right to privacy by emailing information to So Cal ADU Pro regarding the approval of the Plaintiffs Loan and the Loan amount. Plaintiff himself wasn't aware of the approval until much later. Furthermore, The Defendant [2] HSF Financials' Senior Loan Consultant Mr. Alan Breeker, gave authorization to So Cal ADU Pro's to begin construction without the Plaintiffs knowledge or permission. Which resulted in the Contractor So Cal ADU Pro's black mailing the Plaintiff with the threat of a lawsuit for breach of contract if they were not compensated 32,000.00 to stop construction. Under duress circumstances the Plaintiff agreed and paid the contractor so that he wouldn't have to face litigation or have a mechanic's lien placed on his residence.

4. On or about 05/24/2022 Plaintiff was approved for the personal unsecured Loan, and this is where the Plaintiff discovered that Defendant {2} HFS Financial was a broker and not the primary lender as they led the plaintiff to believe. Defendant [1] Lafayette Federal Credit Union approved the plaintiff for 320,000.00 without any additional request by the plaintiff for the additional $20,000.00.

5. Defendant [1] Lafayette Federal Credit Union disguised the addition $20,000.00 as well as the Brokers fee for Defendant [2] HFS Financial of $9,000.00. A fee that was never disclosed to the plaintiff by either Defendant [1] or [2]. The total amount of the loan approval plus the unauthorized additional $29,000.00 in hidden fees in total were $329,000.00. Where they'd been broken down into five separate disbursements as they were initially described. There were four [4] documents having the same amounts of $72,100.00, and one [1] for a lesser amount of $41,200.00 in all totaling $329,000.00. The reference numbers of each document were the same, and the interest rate of 10.49% was also referenced on each document. Plaintiff was never provided with a full amount disclosure nor a Truth in Lending Disclosure.

6. On or about 05/24/2022. The Plaintiff questioned why the loan was not consolidated, and if there were five separate payouts for the single request did the 10.49% interest rate apply to the entire loan or each individual disbursement? Plaintiff was unable to print the file or place wet signature nor the document. Plaintiff was also unable to e-sign the documents due to the reason the file came over as a read only. Defendant [1] sent over a corrupt file intentionally.

7. On 5/24/2022 The Plaintiff reviewed the documents as they came over, as well as read through all the terms and conditions that were sent over. There were still no indications that this would be five (5) individual loans paid out at one time with 5 separate interest rates of 10.49% at one time bringing the combine interest rate to 52.45%. The Plaintiff in good faith gave permission to Defendant {2} HSF Financials' Senior Loan Consultant Mr. Alan Breeker, permission to e-sign on behalf of the Plaintiff since Plaintiff was only able to read the documents due to the corrupt file.

8. On May 25, 2022, Defendant [1] Lafayette Federal Credit Union Paid out five (5) separate deposits into the Plaintiffs then Navy Federal Account. Plaintiff had not received his signed documents by this time and inquired with both Defendant [s] [1] & [2] regarding his copies of the agreement.

9. On 5/26/2022 The Plaintiff was provided copies of the agreement. However, each disbursement had its own account number or loan number and interest rate of 10.49%. Plaintiff

emailed Joanna Murray a Processor for Defendant [2] and asked if he would be expected to pay 10.49% interest on each disbursement which now appeared to be five (5) individual loans. Joanna Murray never responded to the email. Plaintiff later made voice contact with Defendant [2] HSF Financial Mr. Alan Breeker, and his statements were "That's how Lafayette Federal Credit Union disburses these large loan types due to payout limits, but it is all one loan and one interest rate of 10.49%". Plaintiff made several attempts to contact Defendant [1] Lafayette Federal Credit Union but was unsuccessful and never received a call back.

Furthermore, the terms and conditions as well as the document in its entirety had been changed and completely re-written from when they were first viewed and approved by Plaintiff. It now spoke about collateral and referencing plaintiffs' property to which plaintiffs' property were never in question regarding this loan. None of the languages was the same as when Plaintiff initially read before granting permission for e-signature.

10. On June 14th, 2022, Plaintiff reached out to Defendant [2] HSF Financials' Senior Loan Consultant Mr. Alan Breeker, and Joanna Murray, Processor via email and asked "Can you please provide me the documentation or email where I was notified of why this loan had to be split as it was with 10.49% on each loan. I don't remember that conversation nor can I find any information where you explained this to me beforehand. Furthermore, Lafayette Federal Credit Union said I can unwind the Deal, but your portion would need to be given back. Are you willing to return those funds to them?". There was never a response back.

11. On June 16th, 2022, The Plaintiff finally made voice contact with Defendant [1] Lafayette Federal Credit Union Kat (Jittiporn) Ruthiranok Title: CFP Assistant Processing Manager. Plaintiff explained to Kat (Jittiporn) Ruthiranok that the way they had the loan structured I would be required to pay back double the amount, and that I only agreed to 10.49% interest rate on a single loan of 300,000.00 which ended up being 329,600.00. The Plaintiff informed Kat (Jittiporn) Ruthiranok that 10.49% interest on a loan of 329,660.00 is $34,512.10 and not $459,627.13 that would be the rate of 52.45%. Kat (Jittiporn) Ruthiranok proceeded to coerce the Plaintiff into believing in a lopsided sense of math.

4

("$72,100.00 loan total payment for one loan if you pay the full term of 240 months $172,766.09.

4 Loans would be $691,064.00.

$41,200.00 Loan Total payment for one loan if you pay the full term of 240 months &

$98,721.16.

$691,064.00 + 98,721.16 = $789,785.16 total pay back.")

Plaintiff asked why Defendant [1] broke up the single amount into 5 sperate amounts with an interest rate of 10.49% on each. Kat (Jittiporn) Ruthiranok told the Plaintiff that there were certain loan limits and had to be broken up into 5 separate loans. However, there was never a disclosure provided either before or after the funds were disbursed and an explanation was never provided up and until the plaintiff questioned it.

21. On June 16th,2022 Defendant [1] Lafayette Federal Credit Union Kat (Jittiporn) Ruthiranok, CFP Assistant Processing Manager communicated with plaintiff and stated, "Tyler will be sending you a payoff letter along with the writing stating that HFS will refund the fee back and you will not owe LFCU or HFS after the loans are paid in full."

22. On June 16th,2002, Defendant [1] Lafayette Federal Credit Union 'Tyler Booth, CFP Consumer Loan Processor contacted the plaintiff and stated "Mr. Brown I apologize for the delayed email. Since there was a previous conversation between you and Adam. If you decide you would like to return the money you would need to speak to HFS. They would then reach out to us, and we can provide you with instructions on how to return the funds".

The Plaintiff responded "Good morning,

Thank you for your timely response. I do appreciate your company's willingness to unwind this deal, but it is a hindrance to me. I did not pay HFS Financial any fees so therefore I cannot request HSF Financial to be returned those funds. Lafayette Federal Credit Union and HFS Financial created their own separate terms and conditions during my loan process, knowing full well it was predatory and fraudulent. I was not privileged to receive this information before my loan had been processed. It was hidden from me that my loan was based on a fee to be paid to HFS Financial by Lafayette federal Credit Union, it is clear now that my best interest was not at

hand during this process because it was fueled by back-end money deal.

If Lafayette Federal Credit Union is truly genuine in its claims to accept this money back, you will participate in the process by contacting HFS Financial and request that they return the funds you paid them to help make this unwinding happen. I would ask that this be done before my first required payment date of 06/25/2022. I fear that if this is dragged out beyond that date, I will be required to make the first payment which has the potential of locking me into this loan. A loan that I no longer want because of the terms and how it was all processed, which has the potential of creating financial ruin based on its predatory structure.

For the record, I don't know who Adam is and I've never had any conversations with this person. You have been my only contact person... Yourself and Rachel who answered the phone.

Your timely response is greatly appreciated, and I look forward to hearing back from you shortly. Thank you"

    12. June 23rd, 2022, Defendant [1] Lafayette Federal Credit Union 'Tyler Booth, CFP Consumer Loan Processor, contacted plaintiff with instructions to return the funds via email with no documents attached. The Plaintiff Stated:

"Good morning, the letter of release is not attached as agreed upon by me & Ms. Kat (Jittiporn) Ruthiranok. This states that I am not liable for anything other than the borrowed amount minus fees. Also, that HFS Financial nor Lafayette Federal Credit Union will not take any adverse actions against me, and that the debt will be fully satisfied. Thank you "

Defendant [1] Lafayette Federal Credit Union Tyler Booth never responded, and the plaintiff made the first payment on 6/25/2022 and every payment after that to this date while exhausting all remedies for relief.

## MEMORANDUM POINTS AND AUTHORITES

Plaintiff respectfully submits this Memorandum of Points and Authorities in support of my Motion for Default Judgment in the above-mentioned case.

### I. INTRODUCTION

This matter arises from the Plaintiff's filed verified Complaint against the Defendant Lafayette Federal Credit Union, sighting nine causes of action,

(1) BREACH OF FIDUCIARY DUTY

(2) FRAUD/MISREPRESENTATION (3) BREACH OF CONTRACT

(4) INJUNCTIVE RELIEF (5) UNJUST ENRICHMENT (6) RACIAL DISCRIMINATION

(7) VIOLATION OF TRUTH IN LENDING ACT (8) PREDATORY LENDING PRACTICES

(9) CONSPIRACY of action the claims, and the relief sought.

The Defendant, Lafayette Federal Credit Union, was duly served with the summons and complaint on 11/06/2023, and as of the filing of this motion, has failed to respond or otherwise, defend against the allegations set forth in the complaint. (see Exhibit (A)

### II. LEGAL STANDARD FOR DEFAULT JUDGMENT

Pursuant to Rule 55(b)(1) of the Federal Rule of Civil Procedure, for the entry of the judgment by default. a default judgment may be entered when a defendant has failed to plead or otherwise defend against the action within the prescribed time. In the present case, the Defendant Lafayette Federal Credit Union was required to respond within 21 days of service but has failed to do so. The response was due on 11/27/2023. To this date having multiple service processing the Defendant Lafayette Federal Credit Union has not made an appearance.

### III. FACTUAL AND PROCEDURAL BACKGROUND

The Defendant Lafayette Federal Credit Union, **ANYONE ACTING ON THEIR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their

employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf. May not sell, trade, or collect any of the entitled listed account gift to any person.

**PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity. The below listed accounts as debts owed by the defendant. was Properly served with paid postage and return receipt with signature of acceptance and sign acknowledgement of receipt. (See Exhibit A)

**IV. JURISDICTION AND SERVICE OF PROCESS**

This Court has jurisdiction over the subject matter and the parties involved. Service of process was properly effectuated on 11/06/2023, in accordance with Rule 4 of the Federal rule of Civil Procedure. The Defendant has had sufficient time to respond but has neglected to do so. (See Exhibit A)

**V. DAMAGES**

Defendant owes Plaintiff the Sum of $50,000,000.00 for the 5 fraudulent account that were placed in the defendant's name and the fraud that too place there of

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

The Plaintiff's verified Complaint listed nine against the Defendant Lafayette Federal Credit Union, (1) BREACH OF FIDUCIARY DUTY (2) FRAUD/MISREPRESENTATION (3) BREACH OF CONTRACT (4) INJUNCTIVE RELIEF (5) UNJUST ENRICHMENT (6) RACIAL DISCRIMINATION (7) VIOLATION OF TRUTH IN LENDING ACT (8) PREDATORY LENDING PRACTICES (9) CONSPIRACY.

The Defendant has ample communication to respond but has yet to do so for one reason or Another. The plaintiff has done his due diligence, and the Defendant has not taken the matter

seriously enough to appear or participate as they have done in the past when Plaintiff has made attempts to resolve the dispute. For this reason, the Plaintiff is justified in the request for judgment and ask that default Default Judgment to be granted as requested.

## VI. LEGAL CLAIMS

FIRST CAUSE OF ACTION: (Breach of Fiduciary Duty Against All Defendants)

Defendant [s] [1] & [2] breached their duty to Plaintiffs by being in a position of trust and failed to act in their client's best interest.

1. The acts and omissions constituting breach of Defendant[s] fiduciary duties were committed with oppression, fraud, and/or malice within the meaning of CA Civ. Code §3294. As a result, Plaintiffs, in addition to actual damages, may recover exemplary damages for the sake of example and by way of punishing the Defendant[s].

2. Defendant [s] breach of fiduciary duty was intentional, willful, and meant to bring financial hardship on the plaintiff only because of his skin color and ethnic background. Defendant[s] have never charged any other race 52.45% interest rate, and willfully violated the truth in lending act by failing to properly disclose.

SECOND CAUSE OF ACTION: (Fraud/Misrepresentation Against All Defendants)

Defendant [s] individually and collectively, made false misrepresentations of all aspects of the loan. The Defendant[s] never provided truth in lending disclosure. regulation Z, requires lenders to disclose information about all charges and fees associated with a loan. This 1968 federal law was created to promote honesty and clarity by requiring lenders to disclose. terms and costs of consumer credit.

The acts and omissions constituting fraud were committed with oppression, fraud, and/or malice within the meaning of CA Civ. Code §3294. As a result, Plaintiff, in addition to actual damages, may recover exemplary damages for the sake of example and by way of

punishing the Defendants. A plaintiff may be awarded punitive damages if there is clear and convincing evidence that the defendant in their case is guilty of: Oppression. Fraud, or. Malice.

C. Defendant [s] false representations include Claiming that the loan was consolidated and plaintiff was only being charged a single rate of 10.49%. Furthermore, claiming that the five loans (5) were disbursements and not loans and that it was policy that they had to distribute as such. Also claiming that the five (5) sperate loans each at the rate of 10.49% would be the same payback amount as one consolidated loan would at the same rate.

5. Defendant[s] knew, or should have known, that their representations were false and Deceptive and the parameters of the loan were predatory.

6. Plaintiff, justifiably relying on defendant [s] false representations suffered a hardship financially due to the high monthly repayment cost, and the false information placed on the plaintiffs credit profile. The way the Defendant[s] conspired and constructed this loan it resembles more of a slave contract than a well-structured personal loan. No reasonable individual would have taken such a loan with a 52.45% interest rate paying back double of what the borrower borrowed. The term for that is loan sharking, which is also a Federal Crime, Sections 891 to 896 of Title 18, United States Code, are designed principally to bring the resources of Federal law enforcement to bear on the loansharking activity of criminal organizations. Prior authorization by the Criminal Division is not required for prosecutions pursuant to Sections 891-896.

Criminal usury is the issuing of loans at illegal interest rates, usually by organized crime, to persons unable to obtain a loan.

7. Defendant[s] actions constitute fraudulent misrepresentation, deceit and racial Discrimination.

THIRD CAUSE OF ACTION: (Breach of Contract Against All Defendants)

Defendants have breached their duty under the contract by omissions and fraudulent business practices. Defendant [s] were never transparent in their dealings and truthfulness of the transaction to the plaintiff. Defendant[s] intentionally hidden fees and interest rates as required under the Truth in Lending act. improper disclosure of the amount financed, finance charge, payment schedule, total of payments, annual percentage rate, and security interest disclosures. Under TILA, a creditor can be strictly liable for any violations, meaning that the creditor's intent is not relevant.

The Defendants breached the contract by violating the plaintiff's constitutional rights to fair treatment, and equal protection under the Fourth Amendment and Racial Discrimination.

The Fourth Amendment provides the right to equal protection under the United States Constitution.

The Defendant[s] Breached the contract and violated the Plaintiff's Fourth Amendment right as the proximate result of Defendant[s] actions the Plaintiff has suffered sufficient harm financially and emotionally.

FOURTH CAUSE OF ACTION: (Injunctive Relief Against All Defendants)

**IRREPARABLE HARM**

9. Plaintiff alleges that the Defendant[s] actions has caused and continues to cause Irreparable harm to Plaintiff as well as, financial and emotional hardship.

10. The Harm suffered by the Plaintiff cannot be adequately compensated by monetary damages alone.

11. Plaintiff has no adequate remedy at law to redress the harm complained of, and the Injunctive relief is necessary to prevent further harm.

12. Plaintiff will suffer irreparable injury, loss, and damage.

13. Any claimed harm by Defendant[s] is substantially outweighed by the irreparable harm to Plaintiffs if the relief requested herein is not granted.

14. The granting of the relief requested herein is in the public interest, as the consuming public, including Plaintiffs, will continue to be harmed by the illegal and unlawful conduct of the Defendant[s] if the relief requested herein is not granted.

## INJUNCTIVE RELIEF

15. Plaintiff has a clear legal right to seek temporary and permanent injunctive relief.

16. Plaintiff seeks a preliminary and permanent injunction to restrain Defendant[s] from causing further harm to the Plaintiff.

17. The requested injunction is necessary to preserve the status quo, protect Plaintiffs rights, and prevent further harm.

18. Plaintiff is likely to succeed on the merits of their underlying claim, as evidence by the Defendant [1] Lafayette Credit Unions own admission it was charging the Plaintiff $459,627.13 total interest on a $329,000.00 an interest rate of 52.45%.

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

19. Granting the Injunction will serve the interest of justice and prevent unjust enrichment or further harm to the Plaintiff.

FIFTH CAUSE OF ACTION: (Unjust Enrichment Against All Defendants)

20. Defendants would have unjust enrichment if they were allowed to keep this predatory loan intact. The structure and the entire premise of this loan is predatory and Racially Discriminatory in nature. Defendant[s] [1] & [2] has never subjected another race class to disparate treatment of imposing a 52.45% interest rate totaling $459,627.13 in interest payments

over the life of the loan, 2yrs or 240 payments. Where the borrower is paying back double the original loan amount of $329,000.00.

21. Defendant[s] have unjustly enriched themselves at the Plaintiffs expense by structuring what was to be a consolidated loan with one interest rate of 10.49% into five (5) individual loans paid out on the same day 5/25/2022 with all Five (5) loans having the same interest. rate of 10.49% in total 52.45%. This was intentional and the Defendant[s] have never produced any credible evidence to support their claims that loans of that size had to be structed the way they were by law or policy.

22. Plaintiff has suffered corresponding detriment or loss due to the Defendant[s] unjust enrichment.

23. Defendant[s] unjust enrichment is in violation of principles of fairness, equity and good conscience.

24. Plaintiff did not confer the benefits on the Defendant[s] as a gift, and did not intend to allow the Defendant[s] to be unjustly enriched.

<u>SIXTH CAUSE OF ACTION:</u> (Racial Discrimination Against All Defendants)

**RACIAL DISCRIMINATION**

25. Defendant[s] engaged in discriminatory conduct against Plaintiff based on Plaintiffs race, which is a protected characteristic under Title VII of the Civil Rights Act (Title VII) of 1964.

26. The discriminatory conduct included, disparate treatment, predatory lending Practices, deception and misrepresentation, loan sharking violation of the truth in lending act, Violation of the EEOC Eual Opportunities Act, Violation of the Fair Debt Collection Practices Act (As amended by Public Law 111-203, title X, 124 Stat. 2092 (2010), and fraud.

27. Defendant[s] discriminatory conduct occurred via the internet with both Defendant[s] doing business in the State of Washington and the Plaintiff's residing in California. Action took

place on or about May 25th, 2022.

28. Plaintiff suffered harm, emotional distress, and damages as a direct and proximate result of Defendant[s] Racial Discrimination.

29. Defendant[s] actions created a hostile and intimidating environment for Plaintiff, affecting their well-being and livelihood.

30. Plaintiff followed all appropriate internal and external procedures for reporting and addressing discriminatory behavior, and disparate treatment.

SEVENTH CASUE OF ACTION: (Violation of the Truth in Lending Act)

**VIOLATION OF THE TRUTH IN LENDING ACT**

31. Defendant [1] Lafayette Federal Credit Union extended credit to the Plaintiff in the form of an unsecured personal loan in the amount of $329,000.00.

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

32. Defendant [s] [1] Lafayette Federal Credit Union and [2] HFS Financial failed to provide the Plaintiff with an accurate and complete disclosure required by the Truth in Lending Act, 15 U.S.C § § 1601 et seq., including but not limited to improper disclosure of the amount financed, finance charge, payment schedule, total of payments, annual percentage rate, and security interest disclosures. Under TILA, a creditor can be strictly liable for any violations, meaning that the creditor's intent is not relevant.

33. Defendant [s] failure to provide accurate and complete disclosures constitutes a violation of the Truth in Lending Act.

34. As a result of Defendant[s] violations, Plaintiff has suffered harm, damages, and incurred financial losses.

35. Plaintiff has complied with the applicable notice requirements and procedures under the Truth in Lending Act.

EIGHTH CAUSE OF ACTION: (Predatory Lending Practices)

**PREDATORY LENDING PRACTICES**

36. Plaintiff hereby incorporates by reference paragraphs 1-105 herein.

37. Defendant[s] engaged in predatory lending practices by failing to disclose, omissions and imposing illegal interests' rates and fees on person of a protected class, misrepresentation and fraud.

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

38. Defendant[s] predatory lending practices were designed to take advantage of the The plaintiff's vulnerability and lack of understanding, resulted in an unfair and exploitive transaction.

39. Defendant[s] actions were unconscionable and abusive, and their predatory violated consumer protection laws, including 15 U.S.C § 45 (a)(2).

40. As a direct result of Defendant[s] predatory lending practices, Plaintiff has suffered financial harm, emotional distress, and damages.

41. Plaintiff had no reasonable alternative to the predatory loan transaction due to Defendant[s] deceptive practices and misrepresentations.

NINTH CAUSE OF ACTION: (Conspiracy)

**CONSPIRACY**

42. Defendant[s], acting in concert and with a common purpose, conspired together to commit wrongful acts against Plaintiff.

The conspiracy was formed with the specific intent to achieve an unlawful objective or to accomplish a lawful objective by way of an unlawful act[s] and means.

The wrongful acts contemplated by the conspiracy included all three above entitled parties hosting a private conversation regarding ways to keep the Plaintiff from backing out of what was known to be a Predatory Loan.

On May 25th, 2022, The Defendant[s] Mr. Allen Breeker of HFS Financial and Tyler Booth of Lafayette Federal Credit Union. Contact Mr. Sigmund Valintine of So Cal ADU Pro's and instructed him to begin construction asap and to not contact the borrower because his loan was still being structured for disbursement.

The Defendant[s] instructed So Cal ADU Pro's to charge a 10% work stoppage fee if the borrower requested the cease of construction. So Cal ADU Pro's was instructed to keep that share as their payment 32,000.00 as compensation for his role in the in the conspiracy.

The Goal was to make it difficult for the Plaintiff to return the money and with the 32,000.00 paid to SO Cal ADU Pro's would make the return short. This way Lafayette Federal Credit Union would have lawful grounds to deny cancelling the agreement thus forcing the borrower to remain tied and responsible for the for the Predatory loan[s].

43. Defendant[s] knowingly and willfully participated in the conspiracy, and their actions were a substantial factor in causing harm to the Plaintiff.

As a direct result and proximate result of Defendant[s] conspiracy, Plaintiff suffered harm, damages, and injuries, including being trapped in a Predatory Loan[s], loss of businesses due to

the inability to borrow based on how these five (5) loans looked on the Plaintiff[s] credit report. Mental and emotional damages due to the financial stress of these actions and the hardship of having to pay back double what was borrowed. (See Exhibit F)

44. Plaintiff has complied with any applicable notice and procedures related to conspiracy claims.

**VII. PRAYER FOR RELIEF**

In light of the foregoing, the Plaintiff respectfully requests that this Court enter a Default Judgment against the Defendant, Lafayette Federal Credit Union in the amount requested herein, in the following amounts and for the following relief:

1. Grant Plaintiff's Motion for Default Judgment in its entirety.

2. Permanent Injunctive Relief A permanent injunction enjoining Defendant[s] from

3. collecting any proceeds as the result of the Five (5) loans: as they are the one of the mitigating circumstances of this action and would prevent unjust enrichment.

| Member ID | Loan Suffix | Loan Number | Funding Date | Loan Amount | Rate | Monthly Payment |
|---|---|---|---|---|---|---|
| 3141632896 | 6000 | 31416328966000 | 05/25/2023 | $41,200.00 | 10.490% | $411.37 |
| 3141632896 | 6001 | 31416328966001 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6002 | 31416328966002 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6003 | 31416328966003 | 05/25/2023 | $71,100.00 | 10.490% | $719.89 |
| 3141632896 | 6004 | 31416328966004 | 05/25/2023 | $11,100.00 | 10.490% | $719.89 |

4. cease and desist reporting any information related to Plaintiff's credit history to any credit reporting agencies under jurisdiction, including but not limited to: Equifax, Experian, Trans Union, Lexus Nexus, and all other industry-related agencies, pursuant to my rights under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

5. Such Other and further relief as the court deems just and proper.

6. Any other relief deemed appropriate by the Court.

## VIII. CONCLUSION

For the reasons stated above and in accordance with applicable law, the Plaintiff respectfully requests that this Court grant the Motion for Default Judgment and enter judgment in favor of the Plaintiff.

Date: 01/11/2024

Respectfully submitted,

Winston Maurice Brown, In Pro Se