Winston Maurice Brown
24102 Madeira Ln
Murrieta, Cal. 92562
951-407-5553
Mauricewb1@yahoo.com

In Pro Se



FILED
CLERK, U.S. DISTRICT COURT
FEB - 2 2026
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| WINSTON MAURICE BROWN<br><br>**Plaintiff,**<br><br>vs.<br><br>Lafayette Federal Credit Union et al<br><br>**Defendant** | Case No: 5:23-cv-01869-TJH-SPx<br><br>NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT<br>(Fed. R. Civ. P. 55(b)(2))<br><br>Date:<br><br>Time:<br><br>Dept: |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on a date and time to be set by the Court, or as soon thereafter as the matter may be heard, Plaintiff **Winston Maurice Brown**, appearing **in propria persona**, will and hereby does move this Court for entry of **Default Judgment** against Defendants **Lafayette Federal Credit Union** pursuant to **Federal Rule of Civil Procedure 55 (b)(2).**

Plaintiff seeks entry of judgment following the Clerk's entry of default based on Defendants' failure to plead or otherwise defend this action, despite proper service.

Plaintiff requests total monetary relief in the amount of **$940,600**, together with prejudgment interest and equitable relief, as set forth below.

This Motion is based upon this Notice, the Memorandum of Points and Authorities, the pleadings and records on file in this action, any declarations and exhibits submitted herewith, and upon such

further argument and evidence as the Court may permit.

**Respectfully submitted,**

Date: 01/30/2026

_[signature]_
**Winston Maurice Brown, In Pro Se**

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. INTRODUCTION**

This action arises from predatory lending, fraud, and violations of the *Truth in Lending Act* ("*TILA*") relating to a loan transaction misrepresented to Plaintiff as a single consolidated obligation but structured by Defendants as multiple undisclosed loans.

Defendants were properly served in this federal action and failed to appear or defend, resulting in entry of default. Rather than respond in the forum where they were in default, Defendants initiated a parallel state-court action involving the same loan transaction. See *Lafayette Federal Credit Union v. Brown, Case No. CVSW2401586* (Riverside Superior Court, filed February 13, 2024). This conduct forced Plaintiff to litigate overlapping disputes in two forums simultaneously and reflects an intentional bypass of this Court while remaining in procedural default here.

Default judgment is warranted not only because Defendants failed to plead or otherwise defend, but also because the record demonstrates undisputed *TILA* disclosure failures, misrepresentation of the loan structure, and the absence of a valid promissory instrument reflecting the multi-loan scheme Defendants now attempt to enforce elsewhere.

**II. PROCEDURAL BACKGROUND**

1. Plaintiff filed this action asserting nine causes of action, including breach of fiduciary duty, fraud, breach of contract, unjust enrichment, racial discrimination, violation of the Truth in Lending Act, predatory lending practices, and conspiracy.

2. Defendants were properly served with the Summons and Complaint.

3. Defendants failed to plead or otherwise defend within the time required by *Fed. R. Civ. P. 12.*

4. The Clerk entered default pursuant to **Fed. R. Civ. P. 55(a).**

5. While in default in this Court, Defendants filed and prosecuted a competing state-court

action concerning the same loan transaction, thereby increasing litigation burden and delaying resolution of this case.

## III. LEGAL STANDARD

***Federal Rule of Civil Procedure 55(a)*** requires entry of default when a party fails to plead or otherwise defend. Where the requested relief includes non-sum-certain damages such as statutory, punitive, or equitable relief judgment must be entered by the Court under ***Rule 55(b)(2)***.

Courts consistently hold that default judgments involving statutory damages, punitive damages, or equitable relief require judicial determination rather than clerk entry. ***See DirecTV, Inc. v. Agee, 405 F. Supp. 2d 6, 9 (D.D.C. 2005); Failali v. East Coast Performance LLC, 103 F. Supp. 3d 865, 870 (N.D. Ohio 2015).***

Upon default, all well-pleaded factual allegations are deemed admitted as to liability.

## IV. DEFENDANTS' PARALLEL LITIGATION CONDUCT

While in default in this action, Defendants pursued parallel proceedings in state court without seeking relief from this Court or responding to the operative complaint. This conduct:

- Increased Plaintiff's litigation burden,
- Delayed adjudication of the federal claims, and
- Undermined judicial efficiency.

Although default judgment does not turn on motive alone, Defendants' decision to litigate the same transaction elsewhere while ignoring this action weighs in favor of entry of judgment and equitable relief to prevent further prejudice.

## V. THE EITEL FACTORS SUPPORT DEFAULT JUDGMENT

Under **Eitel v. McCool**, 782 F.2d 1470 (9th Cir. 1986), the relevant factors favor entry of default judgment:

1. **Prejudice to Plaintiff:** Absent judgment, Plaintiff is left without recourse while Defendants refuse to participate here.
2. **Merits of Claims:** The Verified Amended Complaint alleges viable claims for fraud, fiduciary breach, TILA violations, unjust enrichment, and conspiracy.
3. **Sufficiency of the Complaint:** The allegations are detailed and well-pleaded.
4. **Sum of Money at Stake:** The requested damages are supported by documentary evidence and are proportionate to the harm alleged.
5. **Possibility of Dispute:** Default eliminates factual dispute as to liability.
6. **Excusable Neglect:** There is no indication of excusable neglect.
7. **Policy Favoring Decisions on the Merits:** Although favored, such resolution is impossible where Defendants decline to appear.

## VI. LIABILITY IS ESTABLISHED BY DEFAULT

By virtue of default, Defendants have admitted the well-pleaded allegations, including that:

- The loan was represented as a single consolidated obligation;
- The transaction was structured as multiple loans without disclosure;
- Required TILA disclosures were not provided;
- No enforceable promissory note reflects the five-loan structure; and
- Plaintiff incurred undisclosed interest burdens and fees resulting in unjust enrichment to Defendants.

## VII. DAMAGES

### A. Compensatory Damages

Plaintiff seeks **$265,600** in compensatory damages representing actual economic harm attributable to the undisclosed loan structure and excess interest burden.

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT

**B. Statutory Damages – Truth in Lending Act**

Defendants failed to provide disclosures for five loan obligations. Plaintiff seeks **$25,000** in statutory damages under TILA ($5,000 per violation), within statutory limits.

**C. Restitution / Disgorgement**

Plaintiff seeks restitution and disgorgement of wrongfully obtained fees and interest, capped at **$150,000** for default purposes.

**D. Punitive Damages**

Punitive damages are appropriate due to fraudulent and intentional conduct. Plaintiff seeks **$500,000**, approximately twice compensatory damages, a ratio commonly upheld in default contexts.

**E. Prejudgment Interest**

Plaintiff seeks prejudgment interest at **10.49%**, or such rate as the Court deems equitable.

## VIII. TOTAL DAMAGES SOUGHT

| Category | Amount |
| --- | --- |
| Compensatory Damages | $265,600 |
| Statutory Damages (TILA) | $25,000 |
| Restitution / Disgorgement | $150,000 |
| Punitive Damages | $500,000 |
| **TOTAL** | **$940,600** |

## IX. EQUITABLE RELIEF

Plaintiff respectfully requests that the Court order Defendants to:

1. Cease all collection activity related to the loans;

2. Remove adverse credit reporting associated with the loans; and

3. Provide a complete accounting and corrected disclosures.

## X. REQUEST FOR PROVE-UP HEARING

Because the requested relief includes non-sum-certain damages and equitable remedies, Plaintiff

requests that the Court set a prove-up hearing pursuant to **Rule 55(b)(2)** if deemed necessary.

## XI. CONCLUSION

Defendants were properly served, failed to defend, and remain in default. The requested relief is supported by the pleadings, the evidentiary record, and governing law. Plaintiff respectfully requests entry of default judgment in the amount of **$940,600**, together with prejudgment interest, costs, and equitable relief as outlined above.

**Respectfully Submitted,**

Date: 01/30/2026

*/s/ Winston Maurice Brown*
**Winston Maurice Brown, In Pro Se**