# United States District Court
# Central District of California
# Western Division

WINSTON MAURICE BROWN,

Plaintiff,

v.

LAFAYETTE FEDERAL CREDIT UNION, *et al.*

Defendants.

CV 23-01869 TJH

## Order

The Court has considered Plaintiff Winston Maurice Brown's motion for default judgment against Defendant Lafayette Federal Credit Union ["the Credit Union"], together with the moving papers.

The following is a summary of the relevant facts alleged in the Complaint.

In May, 2022, Brown applied for a single $300,000.00 loan from Defendant HFS Financial ["HFS"] after he was referred to HFS by a home improvement contractor. Brown applied for the loan on HFS's website. Unbeknownst to Brown, HFS was a loan broker rather than a lender. As a result of his HFS loan application, an unsecured $320,000.00 loan was approved by the Credit Union, even though Brown applied for only a $300,000.00 loan. At that time, Brown was unclear as to how his HFS loan

application led to a loan approval from the Credit Union.

Thereafter, the Credit Union issued five disbursements totaling approximately $329,000.00, with approximately $29,000.00 allegedly for hidden fees. All of the five disbursements were deposited into Brown's account at Navy Federal. Each disbursement corresponded to a separate loan, but the Credit Union failed to provide Brown with adequate Truth in Lending Act disclosures for each of the five separate loans. Further, because each of the five loans charged 10.49% interest, Brown alleged that the Credit Union was charging him a collective 52.45% interest for the five loans. Brown alleged that he did not wet sign or electronically sign any of the Credit Union's loan documents, though the loan documents submitted by Brown in support of his motion for default judgment appear to have been electronically signed by him.

After the disbursements were received, Brown called HFS. HFS representatives told Brown that the loan proceeds were divided into multiple disbursements due to the Credit Union's loan and payout limits, that he had only one loan despite having five different loan numbers, and that he was being charged only 10.49% interest on the entire loan amount.

In June, 2022, Brown spoke with a representative from the Credit Union who offered to unwind the loans if Brown returned all of the loan proceeds to the Credit Union, and if the undisclosed fee paid to HFS by the Credit Union was returned to the Credit Union. Despite rounds of emails, the loans were never unwound, and Brown made his first loan payment on June 25, 2022.

On September 13, 2023, Brown filed this case, in *pro per* and in *forma pauperis*, against the Credit Union and HFS, alleging claims for breach of fiduciary duty, fraud/misrepresentation, breach of contract, injunctive relief, unjust enrichment, racial discrimination, violation of the Truth in Lending Act, predatory lending practices, and conspiracy.

Neither the Credit Union nor HFS answered or otherwise responded to the Complaint. On January 8, 2024, the Clerk of Court entered a default against the Credit

Union.

On February 13, 2024, the Credit Union sued Brown for breach of contract in the Superior Court of California for the County of Riverside, case number CVSW2401586. That case is awaiting trial.

On February 5, 2026, the Court dismissed HFS in response to Brown's request to dismiss HFS.

Brown, now, moves for default judgment against the Credit Union.

**Service**

Based on the Proofs of Service filed in this case, it appears that the Credit Union was properly served in Maryland via United States Mail with, *inter alia*, the summons and complaint, the application for its default, and the instant motion for default judgment. Brown, also, served the Credit Union's counsel in the Riverside County case with various documents filed in this case. However, because those attorneys have not made an appearance, here, service on counsel lacked any legal consequence.

**Subject Matter Jurisdiction**

Before the Court can consider Brown's motion for default judgment, the Court is obligated to perform a *sua sponte* review to ensure that it has subject matter jurisdiction over this case. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004).

Fed. R. Civ. P 8(a)(1) generally requires a complaint to contain a short and plain statement of the grounds upon which the Court has subject matter jurisdiction. Here, the Complaint invoked the Court's subject matter jurisdiction based on diversity of citizenship.

Brown alleged that he is a resident of Riverside County, California. However, diversity jurisdiction is based on domicile, not residency. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Diversity jurisdiction based on residence is defective. *Carolina Cas. Ins. Co. v. Team Equip., Inc.,* 741 F.3d 1082, 1087 (9th Cir. 2014). Brown, further, alleged that the Credit Union and HFS were both

incorporated in Washington, D.C. and that both do business in Maryland. However, Brown failed to allege the principal place of business for each of the corporate defendants. A corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, Brown failed to allege complete diversity of citizenship.

Consequently, Brown failed to properly invoke the Court's diversity jurisdiction.

Regardless, because Brown's federal Truth in Lending Act claim sufficiently demonstrates the existence of a federal question claim, the Court will accept subject matter jurisdiction over this case based on federal question jurisdiction. *See Schlesinger v. Councilman*, 420 U.S. 738, 744 n.9 (1975).

**Personal Jurisdiction**

Generally, the Court's lack of personal jurisdiction over a defendant is a defense that may be waived by the defendant. Fed.R.Civ.P. 12(h)(1). However, when considering a motion for default judgment, the Court may dismiss the case, *sua sponte,* if it lacks personal jurisdiction over the defendant because a judgment entered without personal jurisdiction over the defendant is void. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). At a minimum, the Court should confirm whether it has personal jurisdiction over the defendant before entering a default judgment. *In re Tuli*.

The determination as to whether the Court has personal jurisdiction over the Credit Union must be based on an analysis of the Credit Union's contacts with California prior to when Brown's claims arose. *See Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990). Consequently, the Court cannot consider the Credit Union's Riverside County suit against Brown as a contact, or to establish the Credit Union's purposeful availment, because that suit was filed after this case was filed. *See Farmers*.

Based on the allegations in the Complaint and the other facts and documents before the Court, the Court cannot determine whether it has personal jurisdiction over the Credit Union. Therefore, the Court will issue an order to show cause re: dismissal

based on a lack of personal jurisdiction, to give Brown an opportunity to show that the Court has personal jurisdiction over the Credit Union.

If, after considering the response to the order to show cause, the Court determines that it has personal jurisdiction over the Credit Union, it will, then, consider the merits of Brown's pending motion for default judgment, including whether he has substantiated his requested damages.

Accordingly,

Plaintiff Winston Maurice Brown is **Ordered** to show cause why this case against Defendant Lafayette Federal Credit Union should not be dismissed for lack of personal jurisdiction. Brown's written response, if any, to this order to show cause shall be filed with the Court and served on the Credit Union by August 31, 2026. The Credit Union's opposition, if any, to Brown's response shall be filed and served no later than ten (10) days after the filing of Brown's response. Brown's reply, if any, to the Credit Union's opposition shall be filed and served no later than ten (10) days after the filing of the Credit Union's opposition.

**It is further Ordered** that the Clerk of Court shall serve a copy of this order on Defendant Lafayette Federal Credit Union by First Class United States Mail addressed to:

Lafayette Federal Credit Union
2701 Tower Oaks Boulevard
Rockville, Maryland 20852.

Date: August 5, 2026

Terry J. Hatter, Jr.

**Terry J. Hatter, Jr.**
**Senior United States District Judge**